UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDON COREY SKEITH,

    Petitioner,

v.                                                Case No. 3:23-cv-1262-MMH-LLL
                                                              3:22-cr-70-MMH-LLL

UNITED STATES OF AMERICA,

    Respondent.
_____

## **ORDER**

Petitioner Brandon Corey Skeith initiated this action by filing a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1; Motion to Vacate) with a Memorandum of Law (Doc. 2).[1] He proceeds on an Amended Motion to Vacate (Civ. Doc. 7; Amended Motion to Vacate). The United States filed a response (Civ. Doc. 8; Response) to the Amended Motion to Vacate, and Skeith filed a reply (Civ. Doc. 10; Reply). This matter is ripe for review.

---

[1] Citations to the record in this civil § 2255 case will be denoted "Civ. Doc." while citations to the underlying criminal case, United States v. Skeith, No. 3:22-cr-70-MMH-LLL, will be denoted "Crim. Doc. ___."

In November 2022, Skeith pled guilty pursuant to a written plea agreement to one count of distribution of a controlled substance (cocaine and fentanyl) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). See Crim. Doc. 34 (Plea Agreement); Crim. Doc. 37 (Acceptance of Guilty Plea). On February 8, 2023, the Court sentenced Skeith to a total term of imprisonment of 92 months, consisting of 32 months for the distribution of a controlled substance conviction followed by 60 months for the firearm conviction. See Crim. Doc. 43 (Judgment). Skeith did not pursue an appeal. Accordingly, Skeith's convictions became final 14 days later upon the expiration of the time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1)(A), Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), or February 22, 2023. Skeith had one year from that date, or until February 22, 2024, to file a timely motion to vacate under 28 U.S.C. § 2255(f)(1). Skeith filed his original Motion to Vacate on October 24, 2023, and the Amended Motion to Vacate is therefore timely.

In the Amended Motion to Vacate, Skeith raises three claims of ineffective assistance of counsel. See Amended Motion to Vacate at 4-8. As Ground Three, Skeith asserts his attorney refused to file an appeal despite Skeith's instructions that he do so. Id. at 7.

In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), the Supreme Court held that when a defendant specifically instructs his attorney to file an appeal, and his attorney fails to do so, counsel performs in a manner that is per se professionally unreasonable. <u>See</u> 528 U.S. at 477 (citing <u>Rodriguez v. United States</u>, 395 U.S. 327 (1969)). When a defendant neither specifically instructs his attorney to appeal nor specifically directs his attorney not to appeal, counsel has a duty to advise the defendant of the advantages and disadvantages of appealing if either (a) the defendant reasonably expressed an interest in appealing or (b) a rational defendant would have wanted to appeal, perhaps because non-frivolous issues were available. <u>Id.</u> at 477-80. Counsel performs deficiently if he either fails to consult the defendant where the circumstances require, or where he does consult the defendant but fails to act in accord with the defendant's wishes. <u>Id.</u> at 478-80. To demonstrate prejudice, a defendant need only show a reasonable probability that he would have appealed; otherwise, prejudice is presumed because the attorney's error has completely deprived the defendant of the opportunity to vindicate his rights on appeal. <u>See</u> <u>id.</u> at 483-84; <u>Garza v. Idaho</u>, 586 U.S. 232, 242 (2019) ("So long as a defendant can show that 'counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken,' courts are to 'presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims.'") (quoting <u>Flores-Ortega</u>, 528 U.S. at 484).

3

In applying Flores-Ortega, the Eleventh Circuit has held that it is irrelevant that a defendant has waived the right to a direct appeal or collateral review. Gomez-Diaz v. United States, 433 F.3d 788, 792-93 (11th Cir. 2005) (vacating district court's denial of 2255 relief and remanding for an evidentiary hearing on petitioner's Flores-Ortega claim, even though petitioner had agreed to an appeal-waiver); Hernandez v. United States, 212 F. App'x 832, 833-35 (11th Cir. 2006) (same).[2]

In its Response, the United States does not concede that Skeith's attorney was ineffective with respect to Ground Three. See Response at 5. However, recognizing that an evidentiary hearing would be necessary to resolve Ground Three, the United States submits that it is in the interest of judicial economy to apply the procedure set forth in United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000), and grant the Amended Motion to Vacate "only to the extent that Skeith would be afforded an out-of-time appeal pursued by appointed counsel." See Response at 4-5. Skeith does not object to this remedy. See Reply at 1. The Court agrees that this is an appropriate course of action—especially since to conduct an evidentiary hearing, an incarcerated

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

prisoner must be brought before the Court at considerable expense to the United States Marshal, to the United States Attorney, and to the Federal Defender or to private counsel appointed under the Criminal Justice Act, all of whom operate under limited resources and carry heavy caseloads. As a consequence, the interest of judicial economy is best served in this instance by granting the Amended Motion to Vacate, but only to the extent that Skeith will be afforded an out-of-time appeal in accordance with the following procedure set forth in Phillips:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised [of the time] for filing a notice of appeal from that reimposed sentence[.]

225 F.3d at 1201.

Skeith's remaining claims in the Amended Motion to Vacate are due to be dismissed without prejudice. See United States v. Frank, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to

a direct appeal, such an appeal is pending for all relevant policy purposes.'") (quoting McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002)).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner Brandon Corey Skeith's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 7) is **GRANTED** to the limited extent that Skeith may pursue an out-of-time appeal. Pursuant to the procedure set forth in Phillips, the Court will:

   a. Enter an order in the related criminal case vacating the original judgment;

   b. Appoint new counsel to represent Skeith for purposes of the re-imposition of sentence and to confer with him regarding the right to appeal; and

   c. Order Skeith and his counsel in the related criminal case to appear before the Court on **September 23, 2024, at 10:15 a.m.**, **Courtroom 10B**, at which time the Court will:

      i. reimpose the previously announced sentence;

      ii. advise Skeith of the rights associated with an appeal from a criminal sentence;

      iii. advise Skeith that he shall have 14 days from the re-imposition of the sentence to file a notice of appeal.

2. Skeith's remaining claims in the Amended Motion to Vacate (Civ. Doc. 7) are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is directed to enter judgment in favor of Skeith to the extent that he may file a belated appeal in the related criminal case and otherwise dismissing his Amended Motion to Vacate without prejudice. The Clerk is further directed to terminate all pending motions as moot and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of July, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

Jax-10  7/3
C:   Brandon Corey Skeith, #54914018
     Counsel of Record